RICHARD GASIOR, APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF CIVIL SERVICE, STATE AWARDS PROGRAM, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 6, 1977—Decided December 27, 1977.

Before Judges MATTHEWS, CRANE and ANTELL.

*Messrs. Chase, Rzemieniewski & Gorney,* attorneys for appellant (*Mr. Edward W. Gorney* on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Paul E. Graham,* Deputy Attorney General, on the brief).

PER CURIAM. Appellant challenges the State Awards Program's denial of award eligibility to his suggestion. He

requests that the matter be remanded for a hearing to resolve various contested issues and to disclose to him the evidence relied upon in rejecting his suggestion.

In December 1972 appellant, an administrator with the Division of Medical Assistance and Health Services, Department of Institutions and Agencies, submitted a suggestion to the State Employees' Awards Program (hereinafter Program). In March 1973 the Program informed appellant that award eligibility was denied, because the suggestion was insufficiently original. The letter of denial explained that "this particular area would seem to have been explored earlier by the agency on its own initiative." An appended evaluation referred to "several conferences" upon the subject matter of appellant's suggestion and "alternatives" being considered, one of which was "similar" to appellant's suggestion. No details concerning this alleged prior consideration were provided.

In April 1973 the procedure recommended by appellant's suggestion was implemented. Appellant resubmitted his claim for an award, which was again denied for the same reasons.

In June 1975 appellant discovered further information tending to indicate that his suggestion was original at the time it was originally submitted. In order to substantiate his claim he requested that the Department of Institutions and Agencies provide him with a specific internal memorandum which he had reason to believe would support his claim. This request was denied. In June 1976 the Program issued a final denial of appellant's claim from which this appeal is taken.

The State Awards Program was established in 1953 pursuant to *N. J. S. A.* 11 :2C-1 *et seq.* as an arm of the Department of Civil Service. The Program is authorized to promulgate rules for the administration of awards for suggestions, acts of heroism, meritorious performance and service. *N. J. S. A.* 11 :2C-6, 8; *N. J. A. C.* 4 :1-22.2(a). These

rules are contained in Subpart 22–1.101(a)–(c) of the *Civil Service Personnel Manual*.

██ Subpart 22–1.101(c)(3) requires that each suggestion be given a "thorough and objective" investigation resulting in "a full report with supporting documents." A suggester is granted "the right to review and copy any part of the file concerning" his suggestion. Subpart 22–1.101(c)(8). We conclude that the Program violated both rules in this case.

██ In addition, appellant was entitled to a hearing in order to resolve the contested factual issue concerning the originality of his suggestion: the Program claimed that the suggestion was already under consideration, whereas appellant claimed that his suggestion was responsible for a reversal of the previous policy. This contested issue can undoubtedly be resolved on the basis of available evidence, and appellant has a statutorily "safeguarded interest" in the subject matter of the administrative action. Hence the criteria for whether a hearing was required were satisfied. *Cunningham v. Civil Service Dept.*, 69 *N. J.* 13, 23–24 (1975).

A hearing is also mandated by the Administrative Procedure Act, *N. J. S. A.* 52 :14B–1 *et seq. N. J. S. A.* 52 :14B–9 requires hearings in contested matters, as here. *N. J. S. A.* 52 :14B–9(c) further requires that all parties be afforded opportunity to respond to all issues involved. *N. J. S. A.* 52 :14B–10(b) requires that a party be notified of all pertinent material, including staff memoranda, a requirement breached in the instant case. *N. J. S. A.* 52 :14B–10(d) requires that "concise and explicit" findings of underlying facts be made. The mere recitation of statutory language does not suffice as a statement of factual conclusions. *Cunningham, supra*, 69 *N. J.* at 26.

In the instant case the stated reasons are so general as to preclude a meaningful review by this court. Without clearly stated reasons

* * * the interested parties will not know the precise factual basis upon which the result has been reached by the agency, and the reviewing court will not be in a position readily to determine whether

the decision is sufficiently and soundly grounded or derives from arbitrary, capricious or extra-legal considerations. [*In re Application of Union Community Bank*, 144 N. J. *Super.* 39, 46 (App. Div. 1976)]

Moreover, appellant's access to the pertinent documents was improperly restricted. "Fundamental fairness demands an opportunity to test the trustworthiness of evidence adduced before an administrative agency and to explain or rebut it." *Sander v. Warren Tp. Planning Bd.*, 140 N. J. *Super.* 386, 394 (App. Div. 1976).

We remand to the State Awards Program for a hearing at which appellant may examine and be given time to respond to the evidence relied upon in concluding that his suggestion was not original. Following the hearing, should it result in denial of the award, a detailed statement of fact findings and reasons must be provided.

Reversed and remanded.